FILED
CLERK, U.S. DISTRICT COURT

OCT 17 2014

CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) Case No. SA 14-0346M |
|---|---|
| Plaintiff, | ) |
| | ) ORDER OF DETENTION |
| v. | ) |
| GERMAN YERA-GARCIA, | ) |
| Defendant. | ) |

I.

A.  ( )   On motion of the Government in a case allegedly involving:

    1.  ( )   a crime of violence.

    2.  ( )   an offense with maximum sentence of life imprisonment or death.

    3.  ( )   a narcotics or controlled substance offense with maximum sentence of ten years or more.

    4.  ( )   any felony - where defendant convicted of two or more prior offenses described above.

///

///

1.  5.  ( )  any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

B.  ( X )  On motion by the Government/( ) on Court's own motion, in a case allegedly involving:

( X )  On the further allegation by the Government of:
   1. ( X ) a serious risk that the defendant will flee.
   2. ( ) a serious risk that the defendant will:
      a. ( ) obstruct or attempt to obstruct justice.
      b. ( ) threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

C. The Government ( ) is/( X ) is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community.

II.

A.  ( X )  The Court finds that no condition or combination of conditions will reasonably assure:
   1. ( X ) the appearance of the defendant as required.
      ( ) and/or
   2. ( ) the safety of any person or the community.

B.  ( )  The Court finds that the defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statute.

///
///
///

### III.

The Court has considered:

A. ( X ) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

B. ( X ) the weight of the evidence against the defendant;

C. ( X ) the history and characteristics of the defendant; and

D. ( X ) the nature and seriousness of the danger to any person or the community.

### IV.

The Court also has considered all the evidence presented at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation.

### V.

The Court bases the foregoing finding(s) on the following:

A. ( X ) As to flight risk:

The Court initially observes that detention is appropriate where a defendant is a flight risk; it is not necessary to also prove a defendant is a danger to the community. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that defendant is a flight risk need only be supported by a preponderance of the evidence. Id.

In Defendant's case, risk of flight principally if not entirely stems from Defendant's long-standing ties to Mexico. He has extensive family ties to Mexico and has spent considerable time there, including quite recently; he has proffered that he spent several months after his June 2013 deportation residing in Mexico, and it appears that he lived there with his fiancée. It also appears that at least two of his brothers reside in Mexico and his family apparently owns property there. The Court

notes that should he be given the opportunity, flight to Mexico would enable him to evade prosecution for an offense that carries a maximum of 20 years imprisonment, and which almost certainly in the Court's experience will result in a period of incarceration at sentencing. Furthermore, the Court notes that to avoid prosecution it is not necessary that Defendant remain in Mexico forever; he has shown that he is capable of crossing the U.S./Mexico border without documentation.

Defendant cites a lengthy employment history. However, it is not clear to the Court how Defendant legally could return to work if released. Moreover, his current employment is only one month old.

Defendant cites family ties to the United States, including several young children. This scenario is unfortunate but not uncommon for defendants like this one who are brought to the United States as young children and then lose their residency status due to their illegal activity.

The Court must also consider the weight of the evidence. From a review of the complaint and supporting affidavit, it appears to the Court that the straightforward elements of 8 U.S.C. § 1326 can be satisfied; Defendant's counsel has not alerted the Court to any collateral attacks or other issues that would undermine the government's case.

Finally, the Court is troubled by the circumstances surrounding Defendant's aggravated felony. Defendant apparently failed to surrender to serve the jail sentence ordered by the Superior Court, resulting in the issuance of a warrant for his arrest. These circumstances give the Court considerable pause as it considers Defendant's suitability for release.

Finally, although Defendant has offered bail resources, those resources are not sufficient, in the Court's view, to overcome the significant risk that Defendant will flee to Mexico to avoid prosecution. Nor am I persuaded that such measures as electronic monitoring or other conditions of release can satisfactorily ameliorate the risk that Defendant will leave this Court's jurisdiction to avoid prosecution.

Accordingly, I do find by a preponderance of the evidence that the government has established that there are no conditions or combination of conditions that would assure Defendant's appearance in this Court for further proceedings.

The Court has read and considered this week's Ninth Circuit en banc opinion, <u>Lopez-Valenzuela v. Arpaio</u>, C.A. Case No. 11-16487 (9th Cir. Oct. 15, 2014), in which an en banc panel of the Ninth Circuit struck down an Arizona ballot measure that amended the state constitution to preclude bail outright for certain serious felonies if the person charged has entered the United States illegally. I note that the Bail Reform Act does not suffer from the same infirmity. The Bail Reform Act does require the Court to consider the Defendant's history and characteristics to determine whether there is a risk of flight and whether that risk of flight can be addressed through conditions. Where, as here, Defendant is in the country illegally following what is at present a lawful deportation order, the Court can and should consider that fact in determining whether Defendant will appear in Court as required. Accordingly I do not conclude that <u>Lopez-Valenzuela</u> compels a different outcome than the one I have reached today.

B.   ( )   As to danger:

_____

_____

## VI.

A.   ( )   The Court finds that a serious risk exists the defendant will:

    1.   ( )   obstruct or attempt to obstruct justice.

    2.   ( )   attempt to/ ( ) threaten, injure or intimidate a witness or juror.

B.   The Court bases the foregoing finding(s) on the following:

_____

_____

_____

## VII.

A.    IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B.    IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C.    IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel.

D.    IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 10-17-14

DOUGLAS F. McCORMICK  
United States Magistrate Judge